IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AUDREY CARSWELL, | : |
| Plaintiff | : |
| VS. | : |
| | :    **5 : 07-CV-412 (CAR)** |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on October 31, 2007, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for disability benefits in October 2004, alleging disability since April 16, 2004, based on disorders of the spine and severe pain caused by these disorders. Her application was denied initially and upon reconsideration. Following a hearing in January 2007, the ALJ determined that the plaintiff was no longer capable of performing her past relevant work as a customer service representative, but she was capable of performing other jobs which exist in significant numbers in the national economy. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly disregarded the medical opinion testimony of three (3) treating physicians.

The plaintiff underwent surgery on her neck in 2000 and again in 2001, and has since sought pain management treatment and treatment for depression and anxiety caused by her

medical conditions. The plaintiff was forty-nine (49) years of age at the time of the hearing before the ALJ, with past relevant work experience as an customer service representative with an insurance agency.

*Discussion*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*New evidence*

The plaintiff relies in part on new evidence attached to her brief herein. Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the

Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985). In order to obtain a remand under Sentence Six, the plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).

The evidence at issue consists of treatment summary and a residual functional capacity assessment completed in 2008 by treating physician Dr. Earls, some eight (8) months after the issuance of the ALJ's decision. Within these documents, Dr. Earls explains his earlier treatment and treatment notes pertaining to the plaintiff and asserts that the plaintiff is unable to work in any capacity.

Even if the additional evidence could possibly change the administrative result, the plaintiff has not demonstrated good cause for her failure to obtain and present this evidence at the administrative level. Although Dr. Earls' residual functional capacity evaluation is dated February 14, 2008, and thus was completed subsequent to the June 2007 final decision of the Commissioner, the evaluation itself is apparently based on prior treatment. There is no indication that Dr. Earls could not have completed the evaluation form or treatment summary prior to June 2007. Cf. Caulder, 791 F.2d at 875 (Good cause existed for claimant's failure to proffer new evidence at administrative level, where new evidence consisted of results of medical examinations which occurred after the Appeals Council denied review.) Therefore, the additional evidence presented by the plaintiff does not support a remand of this action for further

administrative action and will not be considered by this court in its review of the Commissioner's decision.

*Treating physicians' opinions*

The plaintiff argues that the ALJ improperly rejected the opinions issued by treating physicians Dr. Andrews, Dr. Earls, and Dr. Bearden.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary.  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  Id.

Treatment notes in the record from Dr. Roberta Andrews indicate that as plaintiff's primary care physician, she treated the plaintiff for general health complaints, as well as back and neck pain, beginning in 1996.  In August 2004, Dr. Andrews could "see no physical reason

4

that would explain the [plaintiff's complaints of] fatigue." R. at 127. Plaintiff's pain management was largely addressed by the pain clinic she was referred to, and Dr. Andrews otherwise treated the plaintiff for routine health issues, such as upper respiratory infections, and at one time suggested that plaintiff remove caffeine from her diet to calm heart palpitations. In a residual functional capacity assessment completed in January 2007, Dr. Andrews opined that the plaintiff was not capable of maintaining even low stress jobs and would frequently experience interruption of concentration due to pain or other symptoms. R. at 341.

Dr. Earls, a neurologist specializing in pain management, completed two (2) residual functional capacity assessments upon which the plaintiff relies to show that she is completely disabled. Treatment notes show that Dr. Earls began treating the plaintiff for neck and shoulder pain in March 2002, and monitored the plaintiff's conditions and medication regimens thereafter approximately every three (3) months, until at least November 2006. Dr. Earls consistently reported that the prescribed medication regimens kept plaintiff's pain at "tolerable levels", although he occasionally adjusted certain medications due to side effects or additional reported shoulder pain. In the first RFC assessment; completed by Dr. Earls in October 2005, Dr. Earls opined that the plaintiff had been disabled since February 2000 and that because of her neck and shoulder pain, she was incapable of performing even "low stress" jobs. R. at 255-260. Dr. Earls issued the second assessment in December 2006, and again concluded that the plaintiff's pain significantly impairs her ability to work, causing her frequent interference with attention and concentration, limiting her to walking less than one block without rest or severe pain, and standing only fifteen to twenty minutes at a time.

Dr. Bearden, a psychiatrist, apparently began treating the plaintiff in January 2004, for

depression, although his actual treatment notes are largely unintelligible. In a RFC assessment completed in February 2006, Dr. Bearden opined that the plaintiff would be absent from work more than three times per month due to her chronic pain and anxiety/depression, and would suffer significant concentration limitations.

The ALJ discussed the findings of each of plaintiff's treating physicians, but concluded that

> I have considered the assessments provided by Dr. Andrews, Dr. Earls and Dr. Bearden. I do not assign controlling weight to the opinions and they are not supported by the objective findings or the treatment noted [sic] provided by these physicians. In this regard, the claimant has a solid fusion and is neurologically intact. Dr. Earls' notes reflect the claimant's pain was tolerable and that she was tolerating her medications well without side effects. Dr. Bearden's mental assessment of the claimant is not supported by his records or record as a whole. He notes a number of extreme limitations, but his notes reflect that the claimant's memory and thought process were consistently reported as normal.
>
> R. at 21-22.

The plaintiff basically admits that the treatment notes from these physicians do not support their conclusions of disability, but argues that "physicians are motivated to write out their treatment notes in a way that uses the most optimistic language possible. Doctors certainly want to believe that their treatment is helping rather than causing harm or effecting no change for the good. Ms. Carswell is not the type of individual who will continue to assiduously and aggressively complain about pain to her treating physician, especially when there seems to be no likely benefit in continuing to do so. Ms. Carswell believes that, paradoxically, she is now being punished because she has attempted to maintain civility with her doctors rather than constantly repeating complaints that have already been made." Plaintiff's brief at pp. 5-6. Although this is

a novel approach to supporting a disability claim, it remains clear that the ALJ's findings that the treating physicians' treatment notes and the objective medical record did not support the opinions of total disability are supported by substantial evidence.  Up until the time for completing a disability form, each of these physicians reported relatively normal findings upon physical and mental examination of the plaintiff.  To the extent that they now claim to have underreported their findings, the court and the Social Security administration must consider the entire record, not simply belated explanations that conflict with earlier findings.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of February, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb